**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

JAMES RICHARD JORGENSEN and LAURA MAE JORGENSEN,

Debtors.

Case No. 18-14586-A-13

**MEMORANDUM**

WJH-1

Argued and submitted on November 7, 2019

at Bakersfield, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: H. Ty Kharazi and Nicholas E. Aniotzbehere, Yarra Law Group for debtors James Richard Jorgensen and Laura Mae Jorgensen; Michael Farley, Farley Law Firm, and Kurt F. Vote and Steven K. Vote, Wanger Jones Helsley PC, for creditors Donald G. Aluisi and Karen Aluisi

Pretrial orders may be vacated to prevent manifest injustice. An accountant filed chapter 13 bankruptcy, proposing a 36-month plan that pays creditors in full. Former clients oppose confirmation. After eight months of discovery, the court scheduled trial. Creditors then retained different counsel, who wants to vacate the trial date to conduct additional discovery. Doing so will delay payments to creditors until 18 months after the case was filed. Should the court vacate its pretrial order?

**I. FACTS**

The Donald G. Aluisi and Karen Aluisi (“Aluisis”) are farmers and commercial real estate owners. James Richard Jorgensen (“Jorgensen”) was a certified public accountant, who served the Aluisis for more than two decades.

After the Aluisis and Jorgensen parted ways, the Aluisis accused Jorgenson of underreporting their tax basis on their state income tax returns over a 14-year period and giving faulty tax advice with respect to a tax-deferred real property exchange. The Aluisis contend that these failures unnecessarily increased their income tax liability. The Aluisis contend that Jorgensen’s actions give rise to a claim of professional negligence and that Jorgensen concealed his errors, further giving rise to a claim of fraudulent concealment. Jorgensen denies these allegations but contends that if he did err, that he did not conceal that error.

Prior to this case, the Alusis sued Jorgensen for professional negligence in state court.

**II. PROCEDURE**

Before the state court action could be resolved, Jorgensen and his spouse, Laura, filed a chapter 13 bankruptcy. Their schedules

reveal modest assets, i.e., a home, two vehicles and the proceeds of the sale of Jorgensen's practice, as well as $21,000 of liquidated undisputed unsecured debts. They also list a contingent, unliquidated, and disputed debt to Aluisis in an "unknown" amount. They have proposed, and sought confirmation of, a chapter 13 plan, which provides for direct payment of their mortgage and for payment in full of their allowed unsecured claims, i.e. $21,000.

Throughout the bankruptcy, the Aluisis have been represented by David R. Jenkins ("Jenkins"). As pertinent here, the Aluisis have objected to confirmation of Jorgensens' chapter 13 plan. They do so arguing lack of good faith based on Jorgensen's pre-filing planning and on misrepresentations in the Statement of Financial Affairs, 11 U.S.C. § 1325(a)(3),(7), and the infeasibility of a plan that pays allowed unsecured claims in full since the Aluisis' claim, once liquidated, will have "seven figures." 11 U.S.C. § 1325(a)(6); Hr'g. on Mot. to Confirm Plan, September 17, 2019.

The plan confirmation hearing has been pending eight months and was continued five times. During that time the Aluisis have propounded discovery. They have complained that the debtors' discovery responses were incomplete, but they have not filed a motion to compel further responses. At the fourth hearing on plan confirmation, a frustrated chapter 13 trustee complained that the lack of plan confirmation precluded distributions to other unsecured creditors and described the Aluisis' actions as "holding the rest of the creditors hostage." Hr'g. on Mot. to Confirm Plan, August 14, 2019. At the same hearing, Aluisis' counsel Jenkins indicated that he needed time to review some recently received discovery and, when asked whether there was further discovery he intended to undertake, he

responded, “I doubt it.” *Id.* The court made the following order:

> As more fully set forth on the record,
>
> 1. The motion will be continued to September 17, 2019, at 9:00 a.m. in Courtroom 11, Fifth Floor, 2500 Tulare Street, Fresno, California, and **the matter will be ready for resolution on the continued hearing date.**
>
> 2. Not later than August 28, 2019, Mr. Jenkins may file opposition.
>
> 3. Not later than September 11, 2019, Mr. Aniotzbehere may file a response.

Civil Minutes, August 14, 2019, ECF # 11 (emphasis added).

Both parties filed supplemental briefs and evidence. Apparently unaware of the court’s admonition at the previous hearing, the Aluisis’ supplemental opposition stated:

> Here the Debtors did misrepresent significant facts in the preparation of their schedules and statement of financial affairs. **The Creditors are still in the midst of conducting discovery and, for their part, the Debtors have not been as forthcoming as the Creditors believe they are required to be**. . .

Supplemental Brief by Aluisis ¶ 3, August 28, 2019, ECF # 115 (emphasis added).

At the fifth hearing, believing the matter ready for resolution, the court announced its intention to confirm the Jorgensens’ plan. In response, the Aluisis argued that they had still not received some of the documents requested, e.g., the buy-sell agreement for Jorgensen’s accounting practice, as well as some bank statements and cancelled checks, and requested an evidentiary hearing. The court and Jenkins had the following exchange:

> Court: Other than the question of these two documents (sic) that haven’t been provided, is there any other discovery you want?
>
> Jenkins: I’d have to check with my co-counsel who is

coordinating that with me. I could get back to you today.

Court: Well, unfortunately not. I'm going to be done with court. I guess my question is whether I should just be setting an evidentiary hearing at this time?

Jenkins: I don't see why not.

Court: Well, the why not is [that] there may be additional discovery and that's what I am trying to get you to commit yourself on.

Jenkins: If we set the evidentiary hearing out say about six weeks that will give me time to meet and confer with Mr. Aniotzbehere and file a motion to compel if I need to.

Hr'g. on Mot. to Confirm Plan, September 17, 2019.

Believing that the Aluisis had been given sufficient time to conduct discovery, the court closed discovery and issued a pretrial order scheduling an evidentiary hearing two months later. Pretrial Order September 26, 2019, ECF # 123.

Three weeks later the Aluisis substituted the firm of Wanger Jones Helsley PC ("the Wanger firm") for Jenkins as their counsel of record.

Less than one month before the evidentiary hearing, the Aluisis filed this motion to vacate the pretrial order and reopen discovery to depose the Jorgensens, as well as to compel them to produce further documents. The Wanger firm opined that the remaining discovery could be accomplished in 120 days and the evidentiary hearing re-scheduled thereafter. The Wanger firm describes the discovery received as "incomplete and inadequate" and the additional discovery requested as "crucial." Vote decl. ¶¶ 4, 6, October 24, 2019, ECF # 133. The Aluisis' former attorney, Jenkins, supported the motion, declaring that he had "never been involved in a lawsuit as complicated" or with

the “potential to be [as] heavily litigated as this case.” Jenkins decl. ¶ 16, October 24, 2019, ECF # 134. He attributes the delay in seeking this discovery to “a long-term medical condition” that “impacts his energy level” and “affects [his] ability to concentrate.” *Id.* at ¶ 15. Jorgensens opposed the motion.

**III. LAW**

The pretrial order binds the parties and may only be modified “to prevent manifest injustice.” Fed. R. Civ. P. 16(e), *incorporated by* Fed. R. Bankr. P. 7016, 9014(c); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000). The party seeking modification bears the burden of demonstrating that proceeding without modification of the pretrial order will result in manifest injustice to them. *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998) (abrogated on other grounds, *see Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 372-373 (9th Cir. 1998)). In ruling on such a motion, courts should consider:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Byrd,* 205 F.3d at 1236, *citing United States v. First Nat’l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

**IV. DISCUSSION**

**A. Impairment**

In this context, manifest injustice requires a risk that Aluisis’ ability to protect their interests at trial will be significantly impaired. No such risk exists here. The court has scheduled a two-day evidentiary hearing. As a part of that

hearing the Aluisis will be afforded the opportunity to examine the Jorgensens under oath and to subpoena records. While the opportunity to depose the Jorgensens and review records in advance of trial would assist the Aluisis in preparing for trial, it does not follow that denial of that discovery, particularly where they were given eight months prior to trial to do so, constitutes manifest injustice.

**B. Orderly and Efficient Conduct of the Chapter 13 Case**

Granting this motion will significantly, and negatively, impact the orderly and efficient conduct of this chapter 13 case. Chapter 13 bankruptcy is a compromise imposed by law on debtors and their creditors. In Chapter 13, the debtor proposes a plan that repays creditors, in part or in whole, by making monthly payments from post-petition wages to the trustee, who in turn disburses those funds to creditors. 11 U.S.C. § 1322(a)(1). In exchange, creditors must withhold collection efforts and any debt not paid by the trustee will be forgiven at the conclusion of the case. 11 U.S.C. §§ 362(a), 524, 1328(a).

But such a plan is not effective unless it is confirmed by the court. 11 U.S.C. §§ 1323(b), 1327(a). The bankruptcy code mandates an early decision, i.e., usually not later than three months after the case is filed, to confirm, or deny confirmation of, the debtors' plan.[1] 11 U.S.C. § 1324(b); Fed. R. Bankr. P. 2003(a); *but see In re Escarcega*, 573 B.R. 219, 232 (9th Cir. BAP 2017). Central to the Chapter 13 process is an expeditious

---

[1] Three months is calculated as follows: (1) the trustee must convene the meeting of creditors not later than 50 days after the petition is filed, Fed. R. Bankr. P. 2003(a); and (2) the court must hold a confirmation hearing not later than 45 days after the meeting of creditors. 11 U.S.C. § 1324(b).

decision on confirmation of the plan.

Confirmation of the plan has advantages for both debtors and creditors. Chapter 13 plans bind both the debtor and creditors and, thus, provides certainty. 11 U.S.C. § 1327(a); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276-77 (2010); *In re Evans*, 30 B.R. 530, 531 (9th Cir. BAP 2013) (res judicata). Chapter 13 plans may be changed after confirmation but only in limited circumstances. 11 U.S.C. § 1329(a); *Anderson v. Satterlee (In re Anderson)*, 21 F.3d 355, 358 (9th Cir. 1994) (requiring a showing of substantial and unanticipated changed circumstances)); *contra*, *In re Mattson*, 468 B.R. 361, 367-68 (9th Cir. 2012). Confirmation is intended to stabilize the debtor-creditor relationship.

Most importantly, at least from the standpoint of creditors, confirmation allows the Chapter 13 trustee to disburse monies received from debtors:

> A payment [to the trustee] shall be retained by the trustee until confirmation or denial of confirmation. **If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable**. . .

11 U.S.C. § 1326(a)(2) (emphasis added).

Granting the Aluisis' motion will delay the confirmation hearing and, assuming the plan is confirmed, payments to unsecured creditors until 18 months after the case was filed.[2] Even if confirmation of this plan is ultimately denied, the debtors would need to propose another plan or risk dismissal or

[2] That amount is calculated thusly: (1) this chapter 13 is presently 12 months old; (2) creditors estimate another 120 days to conclude discovery; and (3) the court estimates that resetting the evidentiary hearing will take two additional months after discovery closes.

conversion of the case, which further delays resolution. Such a result is not consistent with the bankruptcy code's mandate for an expeditious decision on plan confirmation.

**C. Motive**

Finally, the movants have not sustained their burden of proof as to proper motives in seeking to vacate the pretrial order. This motion was not filed until the Aluisis substituted the Wanger firm in place of Jenkins. The Wanger firm wishes to undertake discovery probably not contemplated by Jenkins, i.e., the depositions of the Jorgensens. *Compare*, Jenkins decl. ¶ 18 ("I intended to conduct [the Joregensens] depositions"), *with* Jenkins statements at the fourth hearing, Hr'g. on Mot. to Confirm Plan, August 14, 2019 (when asked if he wished further discovery Jenkins responded, "I doubt it."). This expansion of the scope of discovery suggests that the Wanger firm would have conducted the case differently than Jenkins did, had they been counsel of record at the time. As a result, the movant has not sustained their burden of proper motive.

**V. CONCLUSION**

For each of these reasons, the motion will be denied, and the court will issue an order from chambers.

**Dated:** Nov 07, 2019

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court

**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |
| **All Creditors** | |